UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo CUEVAS, Defendant–Appellant.

No. 00–30278.

D.C. No. CR–99–0147–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Aug. 15, 2001.

Before SCHROEDER, Chief Judge,
T.G. NELSON, and SILVERMAN,
Circuit Judges.

MEMORANDUM *

Alfredo Cuevas appeals his conviction and sentence for possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we will not recite them in this decision.

■ Cuevas first argues that the district court erred in denying his motion to suppress because he was unlawfully seized within the meaning of the Fourth Amendment. We disagree. Whether the defendant's contact with a law enforcement officer constitutes a seizure is reviewed de novo. *United States v. Cormier,* 220 F.3d 1103, 1110 (9th Cir.2000), *cert. denied,* 531 U.S. 1174, 121 S.Ct. 1146, 148 L.Ed.2d 1009 (2001). The factual findings are reviewed for clear error. *Id.*

"[S]eizure does not occur simply because a police officer approaches an individual and asks a few questions." *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). An officer may ask questions even when the officer has no basis for suspecting the individual. *Id.* If a reasonable person would have believed that he is free to leave, the encounter was consensual and will not trigger Fourth Amendment scrutiny. *Id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Whether or not a contact and questioning was consensual in nature depends on whether, in view of the totality of the circumstances, "a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). In *Mendenhall*, the Court provided examples of police conduct that transformed contact and questioning of an individual into a seizure. These identified factors are: a threatening presence of several officers, the display of a weapon by an officer, physical touching of the individual, tone of voice that indicates compliance with the officer's request might be compelled. *Id.* at 555.

There is nothing in the record to suggest that Cuevas had any objective reason to believe that he was not free to end the conversation with INS agent Glaittli and leave.[1] Only one DEA agent and one INS agent approached Cuevas and only the INS agent conversed with Cuevas. All of the agents were in plain clothes and never displayed their weapons. Cuevas was never physically touched and was never told that he was being detained, under arrest, or not free to leave. Although Cuevas was eventually detained, it was after the INS agent had probable cause to do so under 8 U.S.C. § 1357(a)(1) & (2).

■ Cuevas next contends that the district court erred when it applied a two level sentencing enhancement for obstruction of justice, under U.S.S.G. § 3C1.1, because Cuevas' false testimony merely "related to his impressions" of how the officers approached and addressed him. We disagree.

Whether the district court erred in interpreting the Sentencing Guidelines is reviewed de novo; the factual findings in support of a sentencing determination are reviewed for clear error; application of the Guidelines is reviewed for abuse of discretion. *United States v. Daas*, 198 F.3d 1167, 1181 (9th Cir.1999), *cert. denied*, 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 468 (2000).

If a defendant willfully gives false testimony concerning a material matter, the district court increases the defendant's sentence by two levels for obstruction of justice. *Id.;* U.S.S.G. § 3C1.1. Cuevas does not contend that the district court failed to make these requisite findings. *See United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). He contends that the finding of obstruction was unwarranted because his perjured testimony related to his "impressions" rather than "facts."

The district court did not err in finding that Cuevas falsely testified to facts regarding a material matter. The district judge reviewed the transcript of the suppression hearing and specifically adopted the magistrate judge's adverse credibility findings.

Lastly, Cuevas contends that Agent Birt's failure to disclose that he had acted on a tip somehow negated Cuevas' false testimony. This argument was adequately addressed and dismissed by the district court; "Neither the significance nor the credibility of Glaittli's testimony is affected by what Birt failed to disclose when Birt first testified."

AFFIRMED.

---

1. The district court found agent Glaittli's testimony credible and rejected Cuevas' testimony; Cuevas never challenges this finding.